# IN THE COURT OF APPEALS OF IOWA

No. 13-1770
Filed November 13, 2014

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JESUS A. LOPEZ,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.


　　　　A defendant appeals his conviction and sentence.　**AFFIRMED.**


　　　　Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, John D. Twillmann, Student Legal Intern, Alan R. Ostergren, County Attorney, and Oubohn White, Assistant County Attorney, for appellee.


　　　　Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, J.**

A district court found Jesus Lopez guilty of invasion of privacy for using his phone to record his girlfriend's sister, B.C., in a partial state of nudity. *See* Iowa Code § 709.21(1) (2013). On appeal, Lopez challenges the sufficiency of the evidence supporting the court's finding of guilt.

Section 709.21(1) states:

> 1. A person who knowingly views, photographs, or films another person, for the purpose of arousing or gratifying the sexual desire of any person, commits invasion of privacy if all of the following apply:
> a. The other person does not have knowledge about and does not consent or is unable to consent to being viewed, photographed, or filmed.
> b. The other person is in a state of full or partial nudity.
> c. The other person has a reasonable expectation of privacy while in a state of full or partial nudity.

Lopez only takes issue with the "knowingly" element. In main, he asserts the complaining witness's testimony was "spotty and inconsistent." The district court found otherwise, as follows:

> The Court finds the credible evidence is that the defendant knowingly and intentionally filmed [B.C.] in a partial state of nudity. The Court finds the credible evidence includes that the defendant initiated the video recording on his cell phone, placed the cell phone underneath the sink in the bathroom, and that he then told [B.C.], "Okay, you can go in now." The Court finds that the reasonable inferences from the testimony cause the Court to conclude that the defendant purposely initiated the recording device knowing that [B.C.] was about to use the restroom so that he could record her in a partial or full state of nudity, and that he did in fact record [B.C.] in a partial state of nudity. That shortly after [B.C.] was done using the restroom, he retrieved his phone and turned off the recording.

Our review of the district court's fact findings is for substantial evidence. *State v. Weaver*, 608 N.W.2d 797, 803 (Iowa 2000).

The record does not include the recording, which Lopez's girlfriend deleted from his cellphone and which a forensic investigator was unable to retrieve. However, Lopez acknowledged the existence of the recording and conceded he placed his phone in a bathroom he shared with his girlfriend, B.C., and others. His putative explanation was to record himself for later enjoyment. B.C. undermined this account.

B.C. testified she retrieved and was scanning Lopez's phone for another purpose when she came across the bathroom recording. She recognized herself in the recording and became upset. The recording began with Lopez's face as he placed his phone underneath the bathroom sink, with the camera trained on the toilet and bathtub of the small bathroom. Lopez did not sit down on the toilet or disrobe. Instead, he left the bathroom after positioning the camera and, as he did so, said "Okay, you can go in now." B.C. entered and locked the bathroom door before using the toilet. After she exited, Lopez returned and removed the phone.

As noted, the district court found B.C.'s testimony credible. The court was less persuaded by Lopez's girlfriend, who testified the videotaping was accidental. It was the court's prerogative to weigh the evidence in this fashion. *See State v. Dewitt*, 811 N.W.2d 460, 476 (Iowa 2012).

Significantly, B.C.'s testimony was partially corroborated by Lopez's statements and non-statements to an investigating officer. He did not seem surprised when asked about the recording, showed the officer where he placed the phone and failed to "satisfactor[il]y" explain why he chose that location.

The record contains substantial evidence to support the district court's findings on the knowledge element. Accordingly, we affirm the conviction for invasion of privacy.

**AFFIRMED**.